UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT EGBERT, | ) | CASE NO. 1:24-CV-1988 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| TADDIES AUTO BODY AND SERVICE | ) | JENNIFER DOWDELL ARMSTRONG |
| CENTER, *et al.,* | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

On March 14, 2025, Plaintiff Dwight Egbert ("Plaintiff") filed an Amended Complaint (ECF No. 4) against Defendants Taddies Auto Body and Service Center, Robert Taddie, and Brian Nescola (collectively, "Defendants"). On March 28, 2025, an Original Summons was issued for service upon Defendants. (ECF No. 7).

On July 8, 2025, I ordered Plaintiff on or before August 7, 2025, to either file valid proof of service upon Defendants or show cause in writing why service has not been effected and why this case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 8). Significantly, the July 8, 2025 Order informed Plaintiff that **"[f]ailure to comply with this order will result in a recommendation that this case should be dismissed without further notice."** (*Id.*) (bold in original).

Once an action commences in federal court, the burden is on the Plaintiff to obtain service of process upon each defendant. Fed. R. Civ. P. 4. Federal Rule of Civil Procedure 4(m) specifies:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1

To date, Plaintiff has not complied with the July 8, 2025 Order. Specifically, he has not filed valid proof of service, nor has he shown cause in writing why service has not been effected and why this case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, I RECOMMEND that this case be dismissed without prejudice.

Dated: August 8, 2025                        *s/ Jennifer Dowdell Armstrong*
                                                     United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and

2

recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting Howard). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).