UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DWIGHT EGBERT, | CASE NO. 1:24-cv-1988 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| TADDIES AUTO BODY AND SERVICE CENTER, *et al.*, | **ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendants. | |

On November 14, 2024, Plaintiff Dwight Egbert, proceeding *pro se*, filed a civil complaint form against Defendants Taddies Auto Body and Service Center, Robert Taddie, and Brian Nescola. (ECF No. 1). On February 12, 2025, the Court issued an order which: (i) notified Plaintiff that the complaint was insufficient to state a plausible claim upon which he may be granted relief; (ii) granted Plaintiff leave to file an amended complaint by March 14, 2025; and (iii) warned Plaintiff that a failure to file an amended complaint setting forth a plausible claim would result in dismissal of this action without further notice. (ECF No. 3). On March 14, 2025, Plaintiff filed an amended complaint against Defendants. (ECF No. 4). On March 28, 2025, an Original Summons was issued for service upon Defendants. (ECF No. 7).

On July 8, 2025, Magistrate Judge Jennifer Armstrong, having noticed that Plaintiff had not filed proof of service by the 90-day deadline under Rule 4(m), issued an order that: (i) directed Plaintiff to either file proof of valid service or show cause why this action should not be dismissed by August 7, 2025; and (ii) warned Plaintiff that a failure to comply would result in a recommendation that this case should be dismissed. (ECF No. 8). On August 8, 2025, with

Plaintiff having failed to comply with the July 8, 2025 Order, Magistrate Judge Armstrong issued a Report and Recommendation ("R&R") recommending that the Court dismiss this case without prejudice for failure to prosecute. (ECF No. 9). The R&R also gave the parties notice of the 14-day deadline for filing objections and the consequences of failing to file a timely and proper objection.[1] (*Id.* at PageID #34–35). The deadline has passed and no objections have been filed.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

There being no objections, the Court **ADOPTS** Magistrate Judge Armstrong's R&R (ECF No. 9) and incorporates it fully herein by reference. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: August 26, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service.